## UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANGEL VILLA, | ) |
|     Plaintiff, | ) FILED: AUGUST 13, 2008 |
| | ) 08CV4606 |
| vs. | ) No.   JUDGE ANDERSEN |
| | ) MAGISTRATE JUDGE ASHMAN |
| PENTAGROUP FINANCIAL, LLC, | ) JFB |
| | ) |
|     Defendant. | ) |

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ANGEL VILLA ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, PENTAGROUP FINANCIAL, LLC, allege and affirmatively state as follows:

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. Plaintiff, through Plaintiff's attorneys, bring this action to challenge the actions of PENTAGROUP FINANCIAL, LLC (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant conducts business in the state of Illinois, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

7. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person who resides in the City of Chicago, County of Cook, State of Illinois and are obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Houston, County of Harris, State of Texas.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

11. Defendant has been placing constant and continuous collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant failed to mail a written letter describing Plaintiff's rights with respect to the debt in controversy within 5 days after the Defendant's initial communication with Plaintiff.

13. Defendant continuously failed to properly identify itself as a debt collector and failed to mention that all information sought would be used for that purpose. (See Exhibit A).

14. Defendant continued contacting and demanding payment from Plaintiff by placing an excessive amount of phone calls and causing his phone to ring constantly and continuously.

15. Defendant continuously made collection calls to Plaintiff's colleagues at work, regarding the alleged debt after Plaintiff had verbally requested they cease communication. (See Exhibit B).

16. Defendant threatened Plaintiff with legal action, including filing a lawsuit. (See Exhibit A).

17. As of yet, no such lawsuit has been filed against Plaintiff.

18. On July 30, 2008, Plaintiff retained KROHN & MOSS, LTD., to be his legal representation in the present matter.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.**

19. Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

20. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

a).     Defendant violated the FDCPA § 1692c(a)(3) when Defendant, through its agents, employees, and or legal counsel contacted Plaintiff's co-workers, regarding the alleged debt after a request made by Plaintiff not to do so.

b).     Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents, employees, and or legal counsel excessively placed collection calls to Plaintiff.

c).     Defendant violated FDCPA §1692g(a) when Defendant, through its agents, employees, and or legal counsel, never mailed an official letter notifying Plaintiff of his rights with respect to the debt owed.

d).     Defendant violated the FDCPA § 1692e(5) when Defendant, through its agents, employees, and or legal counsel, threatened Plaintiff with a lawsuit that was never filed.

e).     Defendant violated the FDCPA §1692e(11) when Defendant, through its agents, employees, and or legal counsel, failed to properly identify itself as a debt collector and failed to state that all information sought would be used for that purpose.

21.     As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, and humiliation. (See Exhibit C).

**WHEREFORE**, Plaintiff respectfully pray that judgment be entered against the Defendant for the following:

22. Declaratory judgment that the Defendant's conduct violated the FDCPA.

23. Actual damages.

24. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

25. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

26. Any other relief that this court deems to be just and proper.

                                                RESPECTFULLY SUBMITTED,

By:    /s/ Gregory H. Moss
[ ]Greg Moss; [ ] Scott Cohen; [ ]Adam Krohn;
[ ]Matthew Kiverts

Attorneys for Plaintiff
Krohn & Moss, Ltd.
5055 Wilshire Blvd., Suite 300
Los Angeles, CA 90036

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANGEL VILLA, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS)

Plaintiff, ANGEL VILLA, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ANGEL VILLA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8-11-08

_____
ANGEL VILLA,
Plaintiff

# EXHIBIT A

**PLEASE NOTE:**

Plaintiff's attorneys are in possession of voice recordings left by a collection agent for Defendant, which detail and further establish the allegations referring to this <u>EXHIBIT A</u>.

For purposes of practicality, said recordings are not attached to this complaint but will be available if needed.

# **EXHIBIT B**

July 30, 2008

Re: Angel Villa

To Whom It May Concern:

My name is Marisol Sarabia. I work with Angel Villa at TAV Development, Inc. I am writing this letter because a gentleman by the name of 'Bill Stoerhr' who also uses the name of 'David Palmeras' has call the office (no. 866-768-8851) repeatedly discussing Angel Villa's personal debt in detail. It has gotten to a point that now my work is affected because I'm stressing myself out having to urgently seek down an employee, Angel Villa, who works out on the field to relay these urgent messages; its not my business to know about others personal issues such as these. I personally would like for these types of calls to stop.

On several occasions I have forwarded the messages to Angel and he has informed me that he is embarrassed that others had to find out about his personal debts/issues and would try to have this collector stop calling him at work (he was very apologetic about this issue).

Please note that the same gentlemen going by the name of 'Bill Stoerhr' that has called the office repeatedly now is *leaving detail voice messages* about Angel Villa's debt using another name 'David Palmeras' (I have talked to him more than once recognize his voice and know it's the same gentleman).

The following are some examples of how detail Mr. Stoerhr/Pameras has discussed Angel Villa's personal debt and has been told the messages have been forwarded. On July 8, 2008 around noon Mr. Bill Stoerhr went to the extreme to tell me that 'a red flag was raised by his client because they ran Angel's credit and discovered that he has a Chase auto loan but he never paid off a previous loan that was charged off for $13,731.00 and wants Angel to pay him $4,500.00 to settle his account'. I informed Mr. Stoerhr that I will forward the message to Angel Villa. On another occasion Mr. Stoerhr/Pameras called the office informing me that if Angel Villa doesn't return his call and settle this account he would face legal ramifications and something about putting a lien on any of his assets. Again this man has called repeatedly and I try not to hear the details just cut him off saying the message would be forwarded.

Assuming that Angel Villa doesn't return this collectors call he has now gone to the extreme to leave *detail voice messages* on the company's voicemail box. Please note that the voice messages are saved and have been forwarded to Angel Villa. One message stated that his corporate office had no record of payments, needs copy of check front and back that account was settled with Triadad and if not received they would proceed with judgment that might include profits or asset attachment……….. On another voice message he stated something about he got some information from cook county about property at Major Ave transferred in February and any settlement offer is voided & he must pay bill in full he continued leaving his return number……

I hope that with this letter these types of calls, which in my opinion seem to be uncalled for because no one other than the individual one is calling should know ones personal information unless authorization has been granted.

Sincerely,

Marisol Sarabia (If there are any questions please call me personally, my cell # 773-814-0308)

CC: TAV Development, Inc
    Angel Villa

# **EXHIBIT C**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — **YES** NO
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — **YES** NO
8. Feelings of hopelessness, pessimism — YES **NO**
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8-11-08

Signed Name: *Angel Villa*

Printed Name: Angel E. Villa